TAYLOR, Presiding Judge.
The appellant, Charles Ronald McElroy, was convicted of two counts of theft of property in the first degree, in violation of § 13A-8-3, Code of Alabama 1975; two counts of theft of property in the second degree, in violation of § 13A-8-4, Code of Alabama 1975; and one count of forgery in the second degree, in violation of § 13A-9-3, Code of Alabama 1975. The appellant received two 20-year sentences on the first degree theft convictions, two 10-year sentences on the second degree theft convictions, and a 10-year sentence on the forgery conviction, all to be served in the state penitentiary.
The appellant raises four issues on appeal.
I
The appellant first contends that the trial court erred in denying his motion for judgment of acquittal of second degree theft of property in count one of case number CC-86-469.
The evidence tended to show that on March 21, 1986, the appellant opened a checking account at First National Bank of Tuscaloosa and deposited the requisite $100 in the account. From March 24 to April 3, no more money was deposited in the account; however, several checks were presented against the account and were returned for insufficient funds. On April 4, the appellant made a $500 deposit in the form of a check from his checking account at First State Bank of Tuscaloosa. On that same day, the bank paid two checks against the account of First National totaling $496.67. On April 9, the $500 check from First State was returned for insufficient funds. On April 28, 1986, the appellant went to First National and spoke with *355 vice-president Herschel Owen and offered to pay his total indebtedness of $677.67. Owen accepted the $180 on the returned checks fees, but refused payment of the $496.67 overdraft. Two weeks later, on May 13, 1986, an agent of First National Bank signed a warrant against the appellant for theft of property in the second degree.
Section 13A-8-2, Code of Alabama 1975, provides that “a person commits the crime of theft of property if he knowingly obtains by deception control over the property of another, with intent to deprive the owner of his property.” Section 13A-8-l(l), Code of Alabama 1975, defines “deception” as follows:
“(1) Deception occurs when a person knowingly:
“a. Creates or confirms another’s impression which is false and which the defendant does not believe to be true; or
“b. Fails to correct a false impression which the defendant previously has created or confirmed; or
“c. Fails to correct a false impression when the defendant is under a duty to do so; or
“d. Prevents another from acquiring information pertinent to the disposition of the property involved; or
“e. Sells or otherwise transfers or encumbers property, failing to disclose a lien, adverse claim or other legal impediment to the enjoyment of the property when the defendant is under a duty to do so, whether that impediment is or is not valid, or is not a matter of official record; or
“f. Promises performance which the defendant does not intend to perform or knows will not be performed. Failure to perform, standing alone, however, is not proof that the defendant did not intend to perform.
“The term ‘deception’ does not, however, include falsity as to matters having no pecuniary significance, or puffing by statements unlikely to deceive ordinary persons. ‘Puffing’ means an exaggerated commendation of wares or services.”
The appellant argues that, because he tried to pay his indebtedness • to First National two weeks before a warrant was signed against him, there is not sufficient evidence that he tried to deprive the bank of its monies through deception. After a careful review of the total circumstances surrounding this case, we disagree. It is obvious that the appellant had a scheme by which he planned to deprive First National Bank and other banks and individuals of their monies by “kiting” checks. Thus, there was sufficient evidence presented by the State to allow the jury to conclude beyond a reasonable doubt that the appellant was guilty of theft of property in the second degree. Saffold v. State, 494 So.2d 164 (Ala.Cr.App.1986).
Moreover, it is not the province of this court to reweigh the evidence. Walker v. State, 416 So.2d 1083 (AIa.Cr.App. 1982). As a rule, this court will uphold the jury’s verdict and the trial judge’s decision unless that decision was palpably contrary to the great weight of the evidence and manifestly wrong. Thus, the denial of the appellant’s motion for judgment of acquittal was correct in this case.
II
The appellant next contends that the trial court erred in denying his motion for judgment of acquittal of theft by deception in the second degree as charged in count two of case number CC-86-469. The appellant argues that Harco Drugs sent the appellant a ten-day worthless check notice on April 28. However, Harco did not wait ten days before seeking a warrant for theft by deception in the second degree against the appellant. The appellant asserts that because Harco elected to proceed under the Worthless Check Act, it should be estopped from further actions pending the ten-day waiting period. Therefore, he says, the State has failed to make a prima facie showing of second degree theft by deception.
This issue is a matter of first impression in this jurisdiction.
“Under a number of worthless-check statutes, the crime is complete, if it has *356 been committed at all, when the making, delivery, or uttering of the check takes place, and it is immaterial whether payment or restitution is subsequently made. However, some of the statutes give the drawer thereof a prescribed time, after notice given them, within which to pay it and thereby escape being held to have committed any offense, the absence of such notice preventing conviction; but such a provision does not protect accused from arrest prior to the expiration of such period.”
35 C.J.S. False Pretenses § 21 (1960). (Footnotes omitted.)
Indeed, Alabama has such a statute. Section 13A-9-13.2, Code of Alabama (1975), sets out the form of notice that is appropriate for the recipient of a worthless check to advise the drawer to make acceptable arrangements with the holder. However, our Supreme Court has held that payment of a bad check within ten days after notice of its dishonor or before its dishonor results only in the drawer’s escaping the statutory evidentiary presumption of intent to defraud but does not destroy any criminality that existed if the check was drawn with the intent to defraud. Tolbert v. State, 294 Ala. 738, 321 So.2d 227, 233 (1975).
Thus, it is irrelevant that the appellant was not afforded the entire ten-day period in which to make good his dishonored check. The evidence was sufficient for a jury to conclude that the crime of theft by deception had occurred. Therefore, the trial court did not err in denying the appellant’s motion for judgment of acquittal.
Ill
In regard to the appellant’s final two issues, he again contends that the trial judge erred by denying his motion for judgment of acquittal. More specifically, the appellant challenges the sufficiency of the evidence presented by the State to convict on the charge of forgery in the second degree in count one of case number CC-86-481 and theft by deception in the first degree in count three of case number CC-86-481.
It is not the province of this court to reweigh the evidence. Walker v. State, 416 So.2d 1083 (Ala.Cr.App.1982). As a rule, this court will uphold the jury’s verdict and the trial judge’s decision unless they were palpably contrary to the great weight of the evidence and manifestly wrong. Raines v. State, 428 So.2d 206 (Ala.Cr.App.1983). Based on our review of the record, the denial of the appellant’s motion for judgment of acquittal was correct in this case.
The appellant received a fair trial. The judgment of the trial court is therefore due to be, and it is hereby, affirmed.
AFFIRMED.
All the Judges concur.